IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ILLINOIS HEALTH CARE CLINIC, P.C.; )<br>M-CFHC, INC.; and )<br>GALATIA MEDICAL CENTER CORP., )<br>    Illinois corporations, )<br>)<br>Defendant. ) | Criminal No. 09-40048-JPG |

## CORPORATE PLEA AGREEMENT

The attorneys for the Government have been informed by the attorneys for the Defendants that the Defendants contemplate the entries of open pleas of guilty in this cause. The terms of this Plea are as follows:

1. The Defendants acknowledge that they been advised and do fully understand the following:

    (a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    (b) that the Defendants have the right to plead not guilty or to persist in that plea if they have already been made, and they have the right to be tried by a jury and at that trial has the right to the assistance of counsel, and the right to confront and cross-examine witnesses against it;

    (c) that if the Defendants plead guilty, there will not be a further trial of any kind, so that by pleading guilty, they waive the right to a trial;

    (d) that if the Defendants plead guilty, the Court may ask them, through their authorized representatives, questions about the offense

to which they have pleaded, and if they answer these questions under oath, on the record, and in the presence of counsel, their answers may later be used against it in a prosecution for perjury or false statement; and,

(e)     that if the Defendants plead guilty, they will waive their right to persist in their plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against them at trial.

2.     The Defendants understand that this offense is subject to Title 28, United States Code, Section 994(a). The Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

3.     The Defendants understand that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $400 per felony count per Defendant. *See* 28 U.S.C. § 3013(a)(2)(B). **Each of the Defendants agrees that it will pay the full amount of its own special assessment ($800) for the two counts prior to or at the time of sentencing.** Therefore, the total due at sentencing is $2,400.

4.     The Defendants understand that the Court may impose a term of probation between one and five years. *See* 18 U.S.C. § 3561(a), (c)(1); U.S.S.G. §§ 8D1.1-8D1.4. **The Government will recommend a sentence of five (5) years probation and that the conditions of probation be those set forth in U.S.S.G. §§ 8D1.3-8D1.4.**

5.     The Defendants understand that the Court may impose a fine and costs of supervision.

6.     The Defendants state that they have read this agreement and have discussed it with their attorneys, and understands it.

2

II.

1.    The Defendants state that they are actually guilty and will enter pleas of guilty to counts 7 and 12 of the superseding indictment. The maximum penalties are as follows:

| Count | Offenses | Penalties | Authority |
|---|---|---|---|
| 7 | conspiracy to illegally dispense controlled substances<br>21 U.S.C. § 846 | 5 years probation;<br>$5,000,000 fine;<br>class C felony | 21 U.S.C. § 3561(c)(1);<br>21 U.S.C. § 841(b)(1)(C);<br>18 U.S.C. § 3559(a)(2) |
| 12 | health care fraud against the Medicaid program<br>18 U.S.C. § 1347 | 5 years probation;<br>$500,000 fine;<br>class C felony | 21 U.S.C. § 3561(c)(1);<br>18 U.S.C. § 3571(c)(3);<br>18 U.S.C. § 3559(a)(2) |

With respect to the fine, the maximum alternative fine may be the greater of twice the gross gain or twice the gross loss from the offense. *See* 18 U.S.C. § 3571(d).

2.    The Government and the Defendants agree that the following constitutes the essential elements of the offenses:

| Count | Offenses | Essential Elements |
|---|---|---|
| 7 | conspiracy to illegally dispense controlled substances<br><br>21 U.S.C. § 846 | (1) the conspiracy as charged in Count 7 existed, and<br>(2) the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy. |
| 12 | health care fraud against the Medicaid program<br><br>18 U.S.C. § 1347 | (1) there was a scheme to defraud a health care benefit program in connection with the delivery of and payment for health care benefits and services as charged in the indictment:<br>(2) the defendant attempted to execute the scheme; and<br>(3) the defendant did so knowingly and willfully. |

The Defendants agree and admit that their conduct violated these essential elements of the offenses.

3. The Defendants understand that **the Government will recommend the imposition of a lower fine or no fine** if or because it would impair the ability to make restitution.

4. In light of authority for the Court to order restitution in any criminal case to the extent the parties agree as provided in 18 U.S.C. § 3663(a)(3), the Defendants agree to make restitution. **The Defendants agree to make criminal restitution to Medicaid for the amount of $47,784.31.** The Corporate Defendants agree to be jointly and severally liable with Co-Defendant Bedi for the amount of this criminal restitution. The Defendants acknowledge that there is a parallel civil proceeding against them and that this open plea has no effect on that proceeding.

### III.

1. The Defendants understand that by pleading guilty, it is waiving all appellate issues that might have been available if it had exercised its right to trial. The Defendants state that they are fully satisfied with the representation they have received from their counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendants have requested relative to the Government's case and its defense.

2. The Defendants are aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendants knowingly and voluntarily waive their right to contest any aspect of its conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendants reserve the right to appeal the reasonableness of the sentence. The

Defendants acknowledge that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

3. The Defendants' waiver of their right to appeal or bring collateral challenges shall not apply to the following: (1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and (2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (*see* U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4. The Defendants' waiver of their appeal and collateral review rights shall not affect the Government's right to appeal the Defendants' sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the Government, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5. The Defendants hereby waive all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. The Defendants waive all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

### IV.

1. Each person who signs this Plea Agreement is a representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations and conditions. The Defendants shall provide to the Government and to the Court a copy of a Corporate Acknowledgment of the Plea Agreement affirming that its Board of Directors has given it signatory authority to enter into the Plea Agreement on its behalf and that it has done the following:

(a) consulted with legal counsel in connection with this matter;

(b) voted to authorize the Defendants to plead guilty to the charge specified in the Plea Agreement; and,

(c) voted to authorize a corporate representative to execute the Plea Agreement and any and all other documents necessary to carry out the provisions of the Plea Agreement. The Defendants further agree that a duly authorized corporate officer and/or representative will appear on behalf of the Defendant, and will enter the guilty plea and will also appear for the imposition of sentence. A duly executed resolution of the Board of Directors approving this Plea Agreement is attached to this document as Exhibit A.

## V.

No matters are in dispute.

SUKHDARSHAN S. BEDI
Defendant

RANDY G. MASSEY
Acting United States Attorney
Under Authority Conferred by 28 U.S.C. § 515
Southern District of Illinois

N. SCOTT ROSENBLUM
GILBERT C. SISON
Attorneys for the Defendant

MICHAEL J. QUINLEY
WILLIAM E. COONAN
Assistant United States Attorneys

Dated: November 4, 2009.

Dated: November 4, 2009.